IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:15-cv-00272-MEH

NEW BELGIUM BREWING COMPANY, INC.,

      Plaintiff,

v.

TRAVIS COUNTY BREWING COMPANY, LLC, d/b/a OASIS TEXAS BREWING COMPANY,

      Defendant.

_____

**SCHEDULING ORDER**
_____

### 1.    DATE OF CONFERENCE AND APPEARANCE OF COUNSEL

The Rule 16 Scheduling Conference in this matter is scheduling to be held on April 9, 2015 at 9:30 am.

Plaintiff New Belgium Brewing Company, Inc. ("New Belgium") is represented by David E. Sipiora and Kevin M. Bell of Kilpatrick, Townsend & Stockton LLP, 1400 Wewatta Street, Suite 600, Denver, Colorado 80202; telephone: 303-571-4000.

Defendant Travis County Brewing Company, LLC, d/b/a Oasis Texas Brewing Company ("OTXBC") is represented by Peter W. Thomas of Praxidice, PC, 0039 Boomerang Road, Suite 8130, Aspen, Colorado 81611; telephone: 970-544-5900 .

### 2.    STATEMENT OF JURISDICTION

This is an action seeking a declaratory judgment setting forth New Belgium's exclusive rights in the SLOW RIDE mark or, in the alternative, establishing concurrent use of the mark by

the parties, with New Belgium's rights encompassing the entire U.S. except for specified counties in the State of Texas. The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 2201 and 2202, 28 U.S.C. § 1331, and 28 U.S.C. § 1338(a).

New Belgium contends that this Court has personal jurisdiction over Defendant in this matter because Defendant has directed its activities at residents of the forum of the State of Colorado, including but not limited to through its attendance at the 2014 Great American Beer Festival in Denver, Colorado in October 2014 and its threats of a suit against New Belgium for trademark infringement.

OTXBC filed its motion to dismiss for lack of personal of jurisdiction and venue, or, in the alternative, transfer of venue on March 27, 2015.

### 3. STATEMENT OF CLAIMS AND DEFENSES

a) Plaintiff:

New Belgium seeks a judicial declaration that it is the sole owner of the SLOW RIDE mark for use in connection with beer and has exclusive nationwide rights to use the mark, with priority of rights over Defendant. In the alternative, if the Court determines that Defendant has some common law rights in the trademark, New Belgium seeks a judicial declaration that New Belgium has a right to concurrent use such that New Belgium has exclusive rights to use the mark SLOW RIDE nationwide except for a specific geographic location**.**

b) Defendant:

OTXBC's Answer to the Complaint is not yet due. Without waiver or limitation upon any counterclaims or affirmative defenses which OTXBC may ultimately plead, OTXBC states generally that OTXBC was actually and continually utilizing the SLOW RIDE mark in

commerce prior to New Belgium, and that New Belgium either failed to conduct a reasonably diligent clearance search of pre-existing uses at the time of registration or knowingly registered the mark with USPTO in an intentional effort to pre-empt and defeat OTXBC's rights to the mark. OTXBC holds at minimum common law rights in the mark which enjoy geographic superiority to New Belgium.

### 4.   UNDISPUTED FACTS

The following facts are undisputed:

1. New Belgium is a Colorado corporation with its principal place of business at 500 Linden Street, Fort Collins, Colorado 80524.

2. OTXBC is a Texas limited liability company doing business as Oasis Texas Brewing Company at 600 Comanche Trail, Austin, Texas 78732.

### 5.   COMPUTATION OF DAMAGES

As this is an action for declaratory judgment, there are no damages currently sought by either party.

Defendant's Answer is not yet due, however. Defendant anticipates it may assert counterclaims for monetary damages arising from Trademark Dilution under 15 U.S.C. § 1116 and 1125(c), unfair competition, and other claims to be determined at such time that Defendant's Answer becomes due.

### 6.   REPORT OF PRECONFERENCE DISCOVERY MEETING UNDER FED. R. CIV. P. 26(F)

a)   Date of Rule 26(f) Meeting:  March 19, 2015.

b)     New Belgium was represented by David Sipiora and Kevin Bell of Kilpatrick Townsend & Stockton, LLP.  OTXBC was represented by Peter Thomas of Praxidice, PC.

c)     Rule 26(a)(1) disclosures will be made within the time set forth in Fed. R. Civ. P. 26(a)(1)(C).

d)     The parties have agreed not to engage in any informal discovery.

e)     The parties agree that all discovery requests, including all interrogatories, requests for admission and production, and notices of deposition to the party or party employees, as well as all responses to said discovery shall be served by electronic mail to the email addresses listed in the signature blocks below, pursuant to Fed. R. Civ. P. 5(b)(2)(E).  For these discovery documents, the parties agree that Fed. R. Civ. P. 6(d) shall not apply.

f)     The parties have engaged in settlement discussions in October and November 2014.  The parties continue to discuss settlement, including a meeting on March 25, 2015, in Denver, Colorado.  The parties are willing to discuss the possibility of alternative dispute resolution if settlement talks do not prove fruitful in the future.

## 7. CONSENT

All parties have consented to the exercise of jurisdiction of a magistrate judge.

## 8. DISCOVERY LIMITATIONS

a)     The parties propose no modification to the presumptive number of interrogatories contained in the Federal Rules.  The parties propose a modification to the number

        of depositions contained in the Federal Rules, with such proposed limitation being five (5) total depositions for each party including a Rule 30(b)(6) deposition of the respective parties but not including experts.

b)     The parties propose no modification to the duration of depositions set forth in Fed. R. Civ. P. 30(d)(1).

c)     The parties propose that discovery be limited to twenty five (25) requests for admission and twenty five (25) requests for production per party.

## 9. CASE PLAN AND SCHEDULE

a)     Deadline for Joinder of Parties and Amendment of Pleadings: June 30, 2015

b)     Fact Discovery Cut-Off: October 30, 2015

c)     Dispositive Motion Deadline: December 30, 2015.

d)     Expert Witness Disclosure

    1.     Deadline for identification of anticipated fields of expert testimony: August 30, 2015.

    2.     The parties are limited to two expert witnesses per party.

    3.     The parties shall designate their expert(s) and provide opposition counsel with all information specified in Fed. R. Civ. P. 26(a)(2) on or before October 30, 2015.

    4.     The parties shall designate their rebuttal expert(s) and provide opposition counsel with all information specified in Fed. R. Civ. P. 26(a)(2) on or before November 30, 2015.

        5.    If an expert is designated, all expert discovery shall be completed by December 30, 2015.

e)    The parties agree to complete all depositions, except for expert depositions if needed, by the discovery cut-off date identified herein.

### 10. DATE FOR FURTHER CONFERENCES

a)    Status conferences will be held in this case at the following dates and times:

_____

b)    A final pretrial conference will be held in this case on February 16, 2016 at 9:45 o'clock a.m.  A Final Pretrial Order shall be prepared by the parties and submitted to the Court no later than seven (7) days before the pretrial conference.

### 11. OTHER SCHEDULING MATTERS

a)    The parties were unable to reach agreement, after a good faith effort, on a statement as to electronically stored information ("ESI"), specifically email.  The parties' positions are presented below:

        1.    New Belgium position: Emails are not relevant to the matters presently before the Court, and thus the parties do not require, at this time, a separate order on the collection and production of electronically stored information (ESI).  The parties agree, however, that if targeted collection of emails or other ESI proves necessary during the course of discovery, the parties agree to meet in good faith to discuss limits on the methods of collection, number of custodians, and other limits on ESI discovery.

        2.      OTXBC position: Emails and electronically stored information are subject to production and discovery, but given the anticipated limited volume of such documents, the parties do not require, at this time, a separate order on the collection and production of electronically stored information (ESI). The parties agree, however, that if an ESI document production protocol proves necessary during the course of discovery, the parties agree to meet in good faith to discuss limits on the methods of collection, number of custodians, and other limits on ESI discovery.

b)    The parties anticipate that the trial shall require five (5) days and will be to a jury.

c)    The parties agree that all pretrial proceedings be conducted at the District Court's facilities in Denver, Colorado.

## 12.  NOTICE TO COUNSEL

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(d) by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all pro se parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

### 13.  AMENDMENTS TO SCHEDULING ORDER

The Scheduling Order and Discovery Plan may be altered or amended only upon a showing of good cause.

DATED this 10th day of April, 2015, in Denver, Colorado.

BY THE COURT:

S/Michael E. Hegarty
United States Magistrate Judge

APPROVED:

DATED:  April 13, 2015            Respectfully submitted,

KILPATRICK TOWNSEND & STOCKTON LLP

By:    s/ David E. Sipiora
DAVID E. SIPIORA
dsipiora@kilpatricktownsend.com
KEVIN M. BELL
kbell@kilpatricktownsend.com
1400 Wewatta Street, Suite 600
Denver, CO  80202
Telephone:  303 571 4000
Facsimile:   303 571 4321

Attorneys for PLAINTIFF New Belgium Brewing Company, Inc.

++++++++++++++++++++++++++++++++++++
PRAXIDICE, PC

By:    s/ Peter W. Thomas
PETER W. THOMAS
peter@praxidicelaw.com
0039 Boomerang Road, Suite 8130

Aspen, CO  81611
Telephone:  970 544 5900

Attorneys for DEFENDANT Travis County Brewing Company, LLC, d/b/a Oasis Texas Brewing Company